[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence January 6, 1994 Date of Application January 6, 1994 Date Application Filed January 19, 1994 Date of Decision September 26, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Danbury.
Docket Number: CR 92-83000;
Vicki H. Hutchinson, Esq., Defense Counsel, for Petitioner.
David Holzbach, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
By the Division:
Following a trial by jury, the petitioner was convicted of Felony Murder (General Statutes § 53a-54c). He was sentenced to a term of 35 years.
The victim in this case, a 41 year old male, was shot and killed in the course of a robbery. The assailants were the petitioner, who was then 16 years old, and 2 juveniles, one of whom was the petitioner's brother. The younger brother was apparently the actual shooter and his case was transferred from Juvenile Court to the Part A Division. After the petitioner was convicted, the brother pursuant to a plea bargain, pleaded guilty to Manslaughter and was sentenced to a term of 10 years, execution suspended after 7 years.
Petitioner's counsel argues that the petitioner was on the horns of a dilemma in that if he pleaded guilty before his brother did he would have been subpoenaed by the state and forced to testify against his brother and that, under the circumstances described above, the minimum 25 year sentence would be appropriate.
The State's Attorney countered that the petitioner was offered CT Page 11261 a plea bargain similar to that of the younger brother, but he rejected it. He also argues that the petitioner was older and more mature. And, further, that he was the primary mover behind the robbery attempt.
The facts are that the petitioner elected to have a jury trial, that he was convicted of a more serious crime than his brother. (Felony murder carries a minimum 25 year sentence and a maximum of 60 years). Manslaughter has at a maximum, not less than 5 years nor more than 20. (§ 53a-55a). The Division was not apprised of the specific manslaughter charge against the co-defendant.
The sentencing Court pointed out the senseless nature of the crime — the killing of a person for some $20.00. It imposed a sentence substantially closer to the minimum than the maximum, thus implicitly giving consideration to the factors personal to the petitioner's situation such as lack of criminal record and age.
Reviewing the sentence pursuant to the provisions of Connecticut Practice Book § 942, the Division cannot conclude it is either inappropriate or disproportionate. It is affirmed.
Purtill, Klaczak and Norko, J.s, participated in this decision.